

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| FRANCINE BONAPORTE, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:06-0157-HFF-TER |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security, | § | |
| Defendant. | § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE

This is a Social Security case in which Plaintiff seeks judicial review of the final decision of Defendant denying her claim for Disability Insurance Benefits and Supplemental Security Insurance. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the decision of Defendant be remanded pursuant to Sentence Four for further administrative action as set forth in the Report. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 31, 2007, Defendant filed her objections on February 12, 2007, and Plaintiff filed her reply to the objections on February 21, 2007. The Court will briefly address the objections below.

Defendant maintains that 1) the POMS related materials presented to the Appeals Council were not new evidence and, 2) even if they were, the Appeals Council was not required to set forth its rationale for finding that the new evidence failed to provide a basis for modifying the decision of the Administrative Law Judge (ALJ).

As to Defendant's first argument, that the POMS related materials do not constitute new evidence, the Court disagrees. As a preliminary matter, the Court notes that even the Appeals Council terms the POMS materials as "evidence." (Tr. 10) ("The Appeals Council has received additional *evidence* which it is making part of the record. That *evidence* consists of the following exhibits: POMS Section DI 10105.005[.]") (emphasis added). Moreover, even if the POMS related materials themselves do not constitute new evidence, certainly the application of the POMS to the facts of this case result in new evidence. Therefore, the Court will overrule this objection.

Regarding Defendants second argument, that the Appeals Council was not required to set forth its rationale for finding that the new evidence failed to provide a basis for modifying the decision of the ALJ, the Court is unconvinced.

As Judge Norton observed,

> a reviewing court cannot discharge its statutory function of determining whether the findings of the Commissioner are supported by substantial evidence when the Appeals Council considered evidence that the ALJ did not have the opportunity to weigh, and rejected that new, additional evidence without specifying a reason for rejecting it or explicitly indicating the weight given to the evidence.

*Harmon v. Apfle*, 103 F.Supp.2d 869, 873 (D.S.C. 2000). Therefore, the Court will overrule this objections as well.

Accordingly, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules the objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that the decision of Defendant be **REMANDED** pursuant to Sentence Four for further administrative action as set forth in the Report.

**IT IS SO ORDERED**.

Signed this 29th day of March, 2007, in Spartanburg, South Carolina.

<u>s/ Henry F. Floyd</u>
HENRY F. FLOYD
UNITED STATES DISTRICT COURT

3